UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JEFFREY A. BARNES,

                Petitioner,

  -against-                                     MEMORANDUM & ORDER
                                               05-CV-3423 (NGG)

THE PEOPLE OF THE STATE
OF NEW YORK,[1]                                  **NOT FOR PUBLICATION**

                Respondent.
----------------------------------------------------------X

GARAUFIS, United States District Judge:

      On June 28, 2005,[2] petitioner filed this *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging two 2002 convictions in New York Supreme Court, Queens County. By Order dated June 30, 2005, the petition was transferred to this court from the United States District Court, Southern District of New York. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has reviewed this petition which appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court therefore directs petitioner to show cause, within thirty (30) days from the entry of this Order, why the petition should not be dismissed as time-barred. With this Order, the court hereby holds in abeyance the August 1, 2005 Order to Show Cause, pending

---

[1] The court notes that the petitioner has named the "The People of the State of New York" as the respondent herein. The proper respondent is the Superintendent of the facility in which the petitioner is incarcerated. See Rule 2(a) of the Rules Governing § 2254 Cases (providing that "the application shall be in the form of a petition ... in which the state officer having custody of the applicant shall be named as respondent.").

[2] The Pro Se Office of the United States District Court, Southern District of New York, received the instant petition on June 28, 2005.

1

resolution of the timeliness of the petition.

**I.     Background**

On October 31, 2001, petitioner pleaded guilty to criminal possession of a controlled substance in the third degree, Queens County Indictment Number 10917/2001. (Petition ("Pet.") at ¶ 1.) He was sentenced to one and one-half to four years imprisonment on January 17, 2002. (Id.) On March 5, 2002, petitioner pleaded guilty to a separate offense, fraud in the fourth degree, under a separate indictment, Queens County Indictment Number 532/2002. (Id.) Petitioner received a concurrent sentence of one to three years imprisonment on the second charge. (Id.) Petitioner was released into the custody of the Immigration and Custom Enforcement ("ICE") on January 2, 2004 and is currently incarcerated at York County Prison in York, Pennsylvania.[3] (Id.) Petitioner challenges his Queens County convictions and sentences on multiple grounds including, *inter alia*, that his trial counsel was ineffective for misinforming him of the immigration consequences of a conviction.[4]

---

[3] The court notes that the inmate roster at York County Prison does not contain petitioner's name. See http://www.york-county.org/departments/prison/internet-male.html. Petitioner is hereby reminded of his responsibility to keep the court apprised of his current address.

[4] On January 20, 2005, petitioner filed a petition pursuant to 28 U.S.C. § 2241 with this court challenging the validity of a final order of removal order issued against him on September 12, 2002, and the lawfulness of his detention pending the resolution of that challenge. On July 14, 2005, this court found that it lacked jurisdiction over Barnes' habeas claims that he (1) may not be deported and (2) may not be detained pending the resolution of his judicial appeals, and transferred the first claim to the Court of Appeals for the Second Circuit pursuant to the Real ID Act of 2005, and the second claim to the Middle District of Pennsylvania where petitioner is being detained pursuant to the Supreme Court's decision in Rumsfeld v. Padilla, 542 U.S. 426 (2004). Barnes v. U.S. Immigration and Customs Enforcement, No. 05-CV-370 (NGG), 2005 WL 1661652, at *1 (E.D.N.Y July 14, 2005).

**II. Discussion**

With the passage of AEDPA, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations period runs from the date on which one of the following four events occurs, whichever is latest:

> (A)  the direct review of the petitioner's conviction is concluded;
>
> (B)  an unconstitutional or illegal state-created impediment which precluded the petitioner from filing his petition was removed;
>
> (C)  a new constitutional right was announced by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>
> (D)  the factual predicate for the petition was – or could have been – discovered by the petitioner through exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In this case, only subsections (A) and (C) appear potentially applicable.

**1. 2244(d)(1)(A)**

Under subsection (A), the instant petition appears to be untimely.[5] The petitioner was sentenced on the controlled substances charge on January 17, 2002 and on the fraud charge on July 18, 2002. Ordinarily, petitioner's judgment of conviction would become final ninety days from the date the New York State Court of Appeals denied leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001) (judgment becomes final when time to apply for writ

---

[5] While the court is aware that each conviction should be challenged in a separate petition, for the purposes of this Order and the issue of timeliness, the court will address the petition as a whole. Regardless of whether there are two petitions or one, the court's analysis remains the same, and the petition appears time-barred.

3

of certiorari in the United States Supreme Court expires), cert. denied, 534 U.S. 924 (2001). Here, however, petitioner did not file any direct appeal of his conviction. Under New York law, petitioner had thirty days from the date of his convictions, or until February 18, 2002 on the controlled substance conviction, and Monday August 19, 2002 on the fraud conviction, to file a notice of appeal to the appropriate appellate court. See N.Y. Crim. Proc. Law § 460.10(1)(a). Because he did not do so, his controlled substance conviction became final on February 18, 2002 and his fraud conviction became final on August 19, 2002. See M.P. v. Perlman, 269 F. Supp. 2d 36, 38 (E.D.N.Y. 2003) (Weinstein, J.). Therefore, absent some basis for tolling of the one-year statute of limitations, petitioner had until February 18, 2003 and August 19, 2003 to file his habeas petitions.

In calculating the one-year statute of limitations period, the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Petitioner alleges that he filed a motion pursuant to 440.20 on March 23, 2004.[6] (Attachment, Motion to Withdraw Guilty Plea or Petition To Be Resentenced.) Petitioner states that the motion was denied on July 6, 2004 and it is unclear whether petitioner sought leave to appeal to the New York Court of Appeals. Regardless, the pendency of a state post-conviction proceeding merely tolls the one-year statute of limitation; the one-year clock does not restart at the conclusion of such proceedings. See Bethea v. Girdich, 293 F.3d 577, 579 (2d Cir. 2002) ("the

---

[6] Petitioner provides a different date in the text of the petition, April 19, 2004. (Pet. at ¶ 18.) The court presumes the date of March 23, 2004 is correct. Regardless of whether the motion was filed March 23, 2004 or April 19, 2004, the court's analysis remains the same, and the petition appears to be time-barred.

filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitation period"); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run"). Therefore, the fact that state post-conviction proceedings were pending between March 2004 and July 2004 is irrelevant to the timeliness of the instant petition. The one-year statutes of limitations to file his habeas petition expired February 18, 2003 and August 19, 2003. Only state post-conviction proceedings initiated before these dates would qualify for statutory tolling of the limitation period.

### 2. 2244(d)(1)(C)

Petitioner may also be asserting that his petition is timely under subsection (C) of section 2244(d)(1). If the Supreme Court announced a new constitutional right relevant to the petitioner's claim and made that right retroactively applicable on collateral review, then AEDPA would afford the petitioner one-year from the date of the Supreme Court's decision to file his habeas petition. Petitioner argues that the Second Circuit decision United States v. Couto, 311 F.3d 179 (2d Cir. 2002) governs his case. (Pet. at ¶20 ("Petitioner['s] Case Is Governed by U.S. v. Couto")).

In Couto, the Second Circuit held, "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is . . . objectively unreasonable" and "meets the first prong of the Strickland[7] test" for a violation of the Sixth Amendment right to counsel.

---

[7] Strickland v. Washington, 466 U.S. 668 (1984).

311 F.3d at 188. In reaching its conclusion, the Second Circuit noted:

> recent Supreme Court authority supports this broader view of attorney responsibility as well. See, e.g., INS v. St. Cyr, 533 U.S. 289, 323 n.50 (2001) ("Even if the defendant were not initially aware of [possible waiver of deportation under the Immigration and Nationality Act's prior] § 212(c), competent defense counsel, following the advice of numerous practice guides, would have advised him concerning the provision's importance.").

Id. at 187-88. But, the Supreme Court's decision in St.Cyr did not announce a new constitutional right or make such a right retroactively applicable on collateral review. Even if it did, the decision was announced on June 25, 2001. Therefore, under subsection (C), the one-year statute of limitations under § 2244(d)(1)(C) expired on June 25, 2002. As a result, petitioner's argument on this point is unavailing.

### 3. Equitable Tolling

The court notes that the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis for equitable tolling, he shall set forth the facts which establish "extraordinary circumstances" and "reasonable diligence" in his affirmation to the court.

## III. Conclusion

For the foregoing reasons, the court orders petitioner to show cause, within thirty (30) days of the entry of this order, why the court should not dismiss his petition as time-barred by

AEDPA's one-year statute of limitation. Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the court dismisses a petition as time-barred). Should petitioner ask the court to equitably toll the limitations period, he shall set forth facts that establish the basis for equitable tolling.

No response to the instant petition shall be required at this time and all further proceedings shall be stayed for thirty days for petitioner to comply with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 17, 2005　　　　　　　　　　　　/s/ Nicholas Garaufis
　　　Brooklyn, N.Y.　　　　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge