UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JEFFREY A. BARNES,

                Petitioner,

  -against-                               **MEMORANDUM & ORDER**
                                          **05-CV-3423 (NGG)**

THE PEOPLE OF THE STATE
OF NEW YORK,                                **NOT FOR PUBLICATION**

                Respondent.
---------------------------------------------------------X

GARAUFIS, United States District Judge:

      On June 28, 2005, petitioner filed a *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging two 2002 convictions in New York Supreme Court, Queens County. The petition was transferred to this court from the United States District Court, Southern District of New York, on June 30, 2005. By Memorandum & Order ("M&O") dated August 17, 2005, this court found that the petition appeared to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] In that order, the court directed the petitioner to show cause, within thirty (30) days, why the court should not dismiss the petition as time-barred. The court further provided that the petitioner could, within thirty days, request that the court equitably toll the AEDPA's one-year statute of limitations by setting forth facts that establish the basis for such equitable

---

[1] Familiarity with the August 17, 2005 M&O is presumed.

1

relief.[2]  On September 14, 2005, the petitioner filed with this court *Petitioner's Response to the Court's Order Dated 08-17-05 with Request to Equitably Toll the Limitations Period* ("Pet.'s Resp."). As petitioner has timely filed this response, the court now considers the petitioner's request for equitable tolling of the one-year statute of limitations.

**I.     Authority to raise issue *sua sponte***

As a threshold matter, the court notes that it has authority to raise the AEDPA statute of limitations on its own motion despite the general rule that "courts should not raise sua sponte nonjurisdictional defenses not raised by the parties." See Acosta v. Artuz, 221 F.3d 117, 122 (2d Cir. 2000). The authority of district courts to raise this issue *sua sponte* is established precedent in this circuit on the grounds that "the AEDPA statute of limitations promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." Id. at 123.

**II.    Equitable Tolling**

The statute of limitations period under the AEDPA may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)). Application of the doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Smith, 208 F.3d at 17 (internal quotations and citations omitted).

---

[2] In the August 17, 2005 M&O , the court also held in abeyance the August 1, 2005 Order to Show Cause pending resolution of the timeliness of the petition.

In his moving papers, the Petitioner states the following in support of his motion for equitable tolling:

> That from the time that the petitioner demanded Counsel to appeal, until the time that petitioner filed a pro-se appeal, petitioner was transferred to several different facilities which inhibited his access to the courts through a significant hardship hampering the receipt of mail and infringing on communication with Counsel.

(Pet.'s Resp. ¶ 4.) This is the petitioner's only affirmation to prove "extraordinary circumstances" and "reasonable diligence." This showing is insufficient to provide a basis for equitable tolling of the AEDPA's one-year statute of limitation.

First, the plaintiff claims that his transfer to several facilities has impeded his ability to receive mail and communicate with his lawyer. This cannot be said to be an "extraordinary circumstance" warranting equitable tolling. See e.g., Smaldone v. Senkowski, 273 F.3d 133, 138-9 (2d. Cir. 2001) (discussing established precedent that attorney neglect is not grounds for equitable tolling); Fisher v. Johnson, 174 F.3d 710, 715-6 (5th Cir. 1999) (holding that equitable tolling was not warranted for seventeen days petitioner spent confined in a special unit for psychiatric evaluation, without his glasses and without access to legal materials); cf. Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (holding that confiscation of legal papers is sufficient to establish potential basis for equitable tolling). There is no compelling reason to infer that the Plaintiff should have been unable to file a timely petition as a result of transfers between detention facilities. This is further supported by the fact that the one-year limitations period expired with respect to the petitioner's two convictions on February 18, 2003 and August 19, 2003, respectively. Petitioner's *pro se* petition was not filed until nearly two years later, on June 28, 2005. Had there ever been an extraordinary circumstance preventing the petitoner from

3

filing a timely petition, which this court finds there was not, it certainly would not have justified a toll of two-years time. See Fisher, 174 F.3d at 715-6

The petitioner's request for equitable tolling is also denied on the grounds that the petitioner has failed to show that he has acted with "reasonable diligence" throughout the period he now seeks to toll. The petitioner offers the court no facts to support a finding of reasonable diligence.

## III. Conclusion

For the foregoing reasons, the court denies the petitioner's request for equitable tolling of the AEDPA's one-year statute of limitations, and the petitioner's petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 is therefore dismissed as time-barred. See 28 U.S.C. § 2244(d)(1).

The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.


Dated: September 30, 2005          /s/ Nicholas Garaufis
    Brooklyn, N.Y.          NICHOLAS G. GARAUFIS
                                                 United States District Judge